IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| AMUN ET LH WACHI NATION, H.E. EMPRESS MONI'SOI SALIH ESHE HUMES RA EL BAY 1, MONICA LANELL HUMES ESTATE, MONICA LANELL HUMES TRUST, JOHN DOE, and JOHN DOE,<br><br>*Plaintiffs*,<br><br>v.<br><br>STATE COURT OF HOUSTON COUNTY, *et al.*,<br><br>*Defendants*. | CIVIL ACTION NO.<br>5:21-cv-00259-TES |

ORDER OF DISMISSAL

Following the Court's Order to Show Cause [Doc. 7], Plaintiff "H.E. Empress Moni'soi Salih Eshe Humes Ra El Bey 1" (also known as "Monica Lanell Humes") filed what has been docketed as a Notice of Proposed Court Order and Exhibits [Doc. 8]. Within this 62-page filing, Plaintiff submitted, among other things, a lengthy narrative outlining her claims against the 21 defendants she seeks to sue in this lawsuit, several copies of United States Postal Service transaction receipts and Domestic Return Receipts, and receipts from the Houston County Superior Court Clerk's Office. *See generally* [Doc. 8]. None of these receipts, though, or the contents of her filing demonstrate good cause for her failure to properly serve her defendants. *See* n.1, *infra*.

Although Plaintiff states that her initial "filing was posted as an affidavit to waive filing fees . . . [and] request[ed] the [United States] Marshals serve all parties involve[d] in the crimes committed against the National, your Highness, Empress Moni'soi[,]" "[p]roper service on a defendant within the time allowed under [Federal Rule of Civil Procedure] 4(m) *is a plaintiff's responsibility*." [Doc. 8, p. 10]; *Melton v. Wiley*, 262 F. App'x 921, 922 (11th Cir. 2008) (discussing the former 120-day deadline prescribed by Rule 4(m)) (emphasis added). However, simply "cc-ing" the United States Marshals Services for the Middle District of Georgia and "United Nations Switzerland" on a pre-suit letter addressed to a state-court judge is not a proper "request" to invoke Rule 4(c)(3) where a court "may order" that "service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3); *see* [Doc. 8, p. 10] *in connection with* [Doc. 1-5, pp. 1, 3]. That said, upon review of the record and Plaintiff's filing submitted after the Court's Order to Show Cause, her Complaint [Doc. 1] must be dismissed under Rule 4(m).

While *pro se* pleadings must be liberally construed, *pro se* litigants "must still comply with applicable procedural rules." *Ryzhov v. Florida*, 861 F. App'x 301, 303 (11th Cir. 2021) (citation omitted). First, regarding service, Federal Rule of Civil Procedure 4(c) states that "[a] summons *must* be served with a copy of the complaint." Fed. R. Civ. P. 4(c). Second, Rule 4(c) also states that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and [the

plaintiff] must furnish the necessary copies to the person who makes service." *Id.* Lastly, Rule 4(m) states that "[i]f a defendant is not served within 90 days after the complaint is field, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specific time." Fed. R. Civ. P. 4(m). However, Rule 4(m) also states that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* "Good cause exists only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Ryzhov*, 861 F. App'x at 304 (quoting *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007)).

Here, despite her contention that "the First Secured Party Creditors" (the "claimants" in this case) "have served all parties involved [a] notice of lien'" there is no indication that Plaintiff ever "present[ed] a summons to the clerk for signature and seal." *See* Fed. R. Civ. P. 4(b); [Doc. 8, pp. 6, 19]; *see, e.g.*, [Doc. 8, pp. 51–61]. Proper completion of a summons presented to the Clerk of Court for "each defendant to be served" would have initiated the service process. Fed. R. Civ. P. 4(b). Thus, despite her belief that "all parties involved" have been served, none have. [Doc. 8, p. 19].

In the Eleventh Circuit, district courts—before dismissing a plaintiff's complaint under Rule 4(m) due to a plaintiff's failure to demonstrate good cause for failing to effectuate service—are required to consider whether there are circumstances within the

case before it that warrant discretionary relief even absent good cause due to potential statute-of-limitations issues that may arise in a refiled action. *Lepone-Dempsey*, 476 F.3d at 1282; *see also Horenkamp v. Van Winkle and Company, Inc.*, 402 F.3d 1129, 1132–33 (11th Cir. 2005). In other words, "Rule 4(m) grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause." *Horenkamp*, 402 F.3d at 1332.

Upon review of this record, the Court concludes that there are no circumstances in this case that would warrant discretionary extension of time to serve due to any issues regarding applicable statutes of limitations. In its Order to Show Cause, the Court plainly told Plaintiff that there was "no indication on the record that any of [her] named defendants ha[d] been served." [Doc. 7, p. 2]. So, Plaintiff's argument, or her mistaken belief, rather, that "all parties involved" have been served, is insufficient to demonstrate good cause for the Court to extend the time for her to serve her defendants. [Doc. 8, p. 19].

Not only are Plaintiff's claims in her Complaint [Doc. 1] nearly impossible to decipher, meaning some may be timely and others time-barred, she never asked for an extension of time to serve her defendants despite having been told that "[a]s of November 12, 2021," she hadn't served any of them. *See Ryzhov*, 861 F. App'x at 303; [Doc. 7, p. 2]. Given the Court's extensive efforts to make Plaintiff aware of her obligations under Rule 4—chief among them by providing her a copy of the Court's

4

"Rule 4 Package" spelling out the rule's requirements—the Court cannot justifiably extend the time to effectuate service since there is no indication that Plaintiff made any "good faith effort to effect service" in the first place. *Melton*, 262 F. App'x at 924. In fact, since the Court reinstated her case on August 12, 2021, it appears that Plaintiff made no efforts at all to comply with Rule 4.[1] *See generally* [Doc. 5].

Even though Plaintiff failed to show that she made a good faith effort to properly serve any of her 21 defendants, the Court concludes, based on this record, that there is no circumstance that would warrant a discretionary extension of time for Plaintiff to *begin* the service process. Therefore, the Court **DISMISSES** Plaintiff's Complaint **without prejudice** pursuant to Rule 4(m) and **DIRECTS** the Clerk of Court to **ENTER** Judgment accordingly and **CLOSE** this case.

**SO ORDERED**, this 29th day of November, 2021.

S/ Tilman E. Self, III
**TILAMN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] To the extent Plaintiff submitted copies of her United States Postal Service transaction receipts and Domestic Return Receipts to show service of process, "service of process by certified mail is not a proper method for serving an individual in Georgia." *McHaffie v. Wells Fargo Bank, N.A.*, No. 3:10–CV–103 (CDL), 2011 2174407, at *3 (M.D. Ga. June 2, 2011); [Doc. 8, pp. 21–47]; *see also* Fed. R. Civ. P. 4(e) (stating that an individual can properly be served by "following state law for serving a summons in a civil action brought in courts of the general jurisdiction in the state where the district court is located . . .").